UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FCCI INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:18-cv-43 § |
| § | |
| MARK WATSON and LUIS ESQUIVEL, § | |
| § | |
| § | |
| Defendants. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

FCCI Insurance Company ("FCCI"), Plaintiff, petitions this Court, pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, for construction of a commercial auto policy. FCCI seeks a declaration regarding whether Mark Watson ("Watson") or Luis Esquivel ("Esquivel") qualifies as an "insured" under the FCCI commercial auto policy issued to their employer, Shelton Presort, Inc. ("Shelton").

Watson and Esquivel allege that on April 7, 2016 they were both injured when separately struck by a vehicle driven by alleged uninsured/underinsured motorist Norma Frailey Gonzales ("Gonzales"). Watson and Esquivel assert that while they were standing on the roadway, they were separately struck by Gonzales' vehicle when Gonzales attempted to flee the scene after she rear-ended Watson's and Esquivel's vehicle as they sat at a red light.

It is FCCI's position that neither Watson nor Esquivel qualifies as an "insured" under the terms of the Uninsured/Underinsured Motorist ("UM/UIM") and Personal Injury Protection ("PIP") provisions of the FCCI commercial auto policy because they were not occupying their

vehicle at the time they were injured. Watson and Esquivel are not "insureds" under the FCCI policy, and FCCI asks this Court to declare that Watson's and Esquivel's UM/UIM and PIP claims relating to the April 7, 2016 accident are not covered under the FCCI policy, and, therefore, FCCI has no duty to pay Watson's or Esquivel's claims for UM/UIM or PIP benefits.

In support of this Original Complaint, Plaintiff FCCI shows this Court the following:

## I.
## PARTIES

1.1   FCCI Insurance Company is a Florida corporation that is authorized to do business in the State of Texas.

1.2   Mark Watson is a Texas citizen and was at all relevant times an individual citizen and resident of the State of Texas who may be served with service of process at 3830 Deerfield Dr., San Antonio, Texas 78218.

1.3   Luis Esquivel is a Texas citizen and was at all relevant times an individual citizen and resident of the State of Texas who may be served with service of process at 6035 Monterrey St., San Antonio, Texas 78227.

## II.
## JURISDICTION AND VENUE

2.1   Because the Plaintiff is a citizen of a different state than the Defendants and the amount in controversy exceeds $75,000, this Court has jurisdiction under 28 U.S.C. §1332.

2.2   Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) and 28 U.S.C. §1392 because a substantial part of the events or omissions giving rise to controversy occurred here. The incident, as to which a declaration is sought, occurred in this district.

2.3   An actual controversy exists between the parties hereto within the meaning of 28 U.S.C. §2201, and this Court is, therefore, vested with the power in the instant case to declare

and adjudicate the rights and other legal relationships of the parties in this action with reference to the issues raised by this Complaint.

## III.
## FACTUAL BACKGROUND

3.1     On or about April 7, 2016, a vehicle driven by Gonzales allegedly rear-ended a vehicle owned by Shelton and occupied by Shelton employees, Watson and Esquivel.  At the time Gonzales hit the Shelton vehicle, Watson and Esquivel were allegedly stopped at a red traffic light.

3.2     Watson and Esquivel exited the Shelton vehicle to check on Gonzales.  Watson and Esquivel allege that when they asked Gonzales if she was alright, she kept mumbling "I don't know" over and over.  Watson and Esquivel asked Gonzales for her insurance information.  Gonzalez allegedly told Watson that she did not have any auto insurance.

3.3     Thereafter, Esquivel stood behind Gonzales' vehicle to direct traffic away from the accident.  Gonzales purportedly refused to get out of her vehicle.  Instead, while Esquivel was still standing behind Gonzales' car, Gonzales suddenly reversed her vehicle striking Esquivel with her car.  Esquivel was knocked down to the ground and later complained of low back strain.

3.4     Watson attempted to stop Gonzales from fleeing.  Gonzales, however, pulled forward and allegedly struck Watson's left knee.

3.5     Watson and Esquivel were eventually able to get Gonzales to stop and turn off her car.  Gonzales allegedly stated that she had PTSD.  Gonzales exited her vehicle, but refused to wait for police.  She purportedly tried to get back into her vehicle, but Esquivel blocked her way.  Eventually Esquivel let her back into her vehicle so she could get her keys.  Instead, Gonzales

grabbed a large purse and walked away from the scene. Multiple police units later attempted to locate Gonzales, but were unable to find her.

3.6     Watson and Esquivel were evaluated by EMS, but both refused to be transported to the hospital.

3.7     Allegedly, Watson and Esquivel were in the course of employment for Shelton at the time of the accident. Shelton is a subscriber to workers' compensation under the Texas Workers Compensation Act. Workers' compensation claims have been turned into Texas Mutual on behalf of Watson and Esquivel.

3.8     Although Gonzales stated that she did not have auto insurance at the time of the accident, Gonzales did, in fact, have insurance through State Farm. Watson and Esquivel have turned in claims to State Farm for the purported injuries that they allegedly suffered because of the actions of Gonzales on April 7, 2016. Watson and Esquivel have since made a $1,500,000 demand to State Farm.

3.9     Watson and Esquivel also filed a lawsuit against Gonzales. In Cause No. 2017CI20281; *Luis Esquivel Jr., and Mark Watson v. Norma Frailey Gonzales*; in the 224th District Court, Bexar County, Texas ("the Underlying Lawsuit"), Waston and Esquivel assert claims for negligence and negligence per se against Gonzales. Plaintiffs' note in the pleadings of the Underlying Lawsuit that Esquivel was injured when he was standing outside his vehicle and was knocked to ground when Gonzales suddenly reversed her vehicle. Watson's and Esquivel's medical records also indicate that their injuries occurred when they were struck by Gonzales' car while they were standing outside of their vehicle.

# IV.
# FCCI POLICY

4.1     FCCI issued a commercial auto policy, No. CA0024998-03 (the "Policy"), to Shelton with an effective date of August 29, 2015 to August 29, 2016.  A true and correct copy of the Policy is attached as Exhibit A.  The Policy includes PIP coverage with limits of $2,500 per person and UM/UIM coverage with limits of $250,000.  *Id*.

4.2     The policy includes, in pertinent part, the following language:

**TEXAS PERSONAL INJURY PROTECTION ENDORSEMENT**

**A.   Coverage**

We will pay Personal Injury Protection benefits because of "bodily injury" resulting from a motor vehicle "accident" and sustained by a person "insured" ...

\* \* \*

**B.   Who Is an Insured**

1. You or any "family member" while "occupying" or when struck by any "auto".

2. Anyone else "occupying" a "covered auto" with your permission.

\* \* \*

**F.   Additional Definitions**

The following are added to the Definitions Section and have special meaning for Personal Injury Protection:

\* \* \*

3. "Occupying" means in, upon, getting in, on, out or off.

\* \* \*

4.3     The policy also includes the following applicable coverage:

**TEXAS UNINSURED/UNDERINSURED MOTORISTS COVERAGE**

    **A. Coverage**

1. We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle:" because of "bodily injury" sustained by an "insured" or "property damage" caused by an "accident". The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

* * *

    **B. Who Is an Insured**

    If the Named Insured is designated in the Declarations as:

* * *

2. A Partnership, limited liability company, corporation or any other form of organization, then the following are "insureds".

* * *

    b. Any person "occupying" a "covered auto".

* * *

    **D. Limit of Insurance**

In order to avoid insurance benefits payments in excess of actual damages sustained, subject to only the limits set out in the Schedule or Declarations and other applicable provisions of this coverage, we will pay all covered damages not paid or payable under any:

    a. Workers' compensation, disability benefits or similar law

* * *

    c. Personal Injury Protection Coverage.

* * *

    **F. Additional Definitions**

The following are added to the Definitions Section and have special meaning for Uninsured/Underinsured Motorist Insurance:

* * *

2. "Occupying" means in, upon, getting in, on, out or off.

* * *

## V.
## CLAIMS FOR DECLARATORY RELIEF

5.1    FCCI seeks a declaration that neither Watson nor Esquivel qualifies as an "insured" under the PIP provision of the Policy because neither was "occupying" an "auto" at the time he was allegedly injured on April 7, 2016.

5.2    FCCI seeks a declaration that neither Watson nor Esquivel qualifies as an "insured" under the UM/UIM provision of the Policy because neither was "occupying" a "covered auto" at the time that he was allegedly injured on April 7, 2016.

5.3    FCCI seeks a declaration that, even if coverage is afforded under the UM/UIM provision, neither Watson nor Esquivel has satisfied the condition precedent necessary to trigger coverage of establishing what they are legally entitled to recover from Gonzales, the alleged uninsured/underinsured motorist.

5.4    FCCI also seeks a declaration that, even if coverage is afforded under the UM/UIM provision, FCCI is entitled to an offset for any amount paid or payable to Watson and/or Esquivel by Gonzales or on her behalf.

5.5    FCCI additionally seeks a declaration that, even if coverage is afforded under the UM/UIM provision, FCCI is entitled to an offset for any amount paid or payable to Watson and/or Esquivel as workers' compensation benefits and/or as PIP benefits.

## VI.
## PRAYER

WHEREFORE, FCCI respectfully requests that this Court adjudicate and declare that:

    a.    neither Watson nor Esquivel qualifies as an "insured" under the PIP provision of the Policy because neither was "occupying" an "auto" at the time that he was allegedly injured on April 7, 2016;

    b.    neither Watson nor Esquivel qualifies as an "insured" under the UM/UIM provision of the Policy because neither was "occupying" a "covered auto" at the time that he was allegedly injured on April 7, 2016;

    c.    even if coverage is afforded under the UM/UIM provision, neither Watson nor Esquivel has met the condition precedent necessary to trigger coverage of establishing what they are legally entitled to recover from Gonzales, the alleged uninsured/underinsured motorist;

    d.    even if coverage is afforded under the UM/UIM provision, FCCI is entitled to an offset for any amount paid or payable to Watson and/or Esquivel by Gonzales or on her behalf;

    e.    even if coverage is afforded under the UM/UIM provision, FCCI is entitled to an offset for any amount paid or payable to Watson and/or Esquivel as workers' compensation benefits and/or as PIP benefits;

    f.    the Court award FCCI its costs and expenses, including reasonable attorney's fees; and

    g.    for such other and further relief to which FCCI may show itself justly entitled.

Respectfully submitted,

*/s/J. Richard Harmon*
J. Richard Harmon
State Bar No. 0902070
Jacquelyn Chandler
State Bar No. 24001866

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone:     (214) 871-8200
Facsimile:      (214) 871-8209
Email:  rharmon@thompsoncoe.com
            jchandler@thompsoncoe.com

**ATTORNEYS FOR PLAINTIFF
FCCI INSURANCE COMPANY**